# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Joseph Walker, ) | |
| ) | Civil Action No. 8:20-cv-3290-TMC |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Charles Williams, Jr., ) | |
| ) | |
| Respondent. ) | |

Petitioner Joseph Walker, a state prisoner proceeding *pro se*, filed this habeas action pursuant to 28 U.S.C. § 2254. (ECF No. 1). In his Petition, Petitioner raises two grounds for relief: (1) that his guilty pleas were involuntary because he received ineffective assistance of counsel; and (2) that he was denied the right to be fully informed of his right to appeal as a result of ineffective assistance of counsel. *Id*. at 5, 7. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On February 22, 2021, Respondent filed a return and motion for summary judgment. (ECF Nos. 27; 28). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the magistrate judge entered an order advising Petitioner that he had thirty-one (31) days to file any material in opposition to the motion for summary judgment and that, if he failed to respond adequately, the motion for summary judgment could be granted, thereby ending his case. (ECF No. 30). Petitioner filed a "motion for summary judgment" and supporting memorandum in response, (ECF Nos. 36; 36-1), and Respondent filed a reply, (ECF No. 39).

On May 26, 2021, the magistrate judge issued a Report and Recommendation (the "Report"), recommending that Respondent's motion for summary judgment (ECF No. 28) be

granted, that Petitioner's motion for summary judgment (ECF No. 36) be denied, and that the § 2254 petition (ECF No. 1) be dismissed. (ECF No. 41 at 21). The magistrate judge concluded that, in addressing plea counsel's performance under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985) and denying post-conviction relief (PCR), the state PCR court applied the correct legal standards and reached a decision that was not contrary to applicable Supreme Court precedent and did not involve an unreasonable application of such precedent. (ECF No. 41 at 19, 20).

The Report advised Petitioner of his right to file specific objections to the findings, conclusions and recommendations set forth in the Report and warned him of the consequences of failing to do so. (ECF No. 41-1). On May 26, 2021, the Report was mailed to Petitioner at the address he provided the court, (ECF No. 42), and has not been returned as undeliverable. Therefore, Petitioner is presumed to have received the Report. Although Petitioner was advised of his right to file specific objections to the Report, he has failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Thus, "in the absence of a timely filed objection, a district court need not conduct a

de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 41), which is incorporated herein by reference. Accordingly, for the reasons stated in the Report, Respondent's motion for summary judgment (ECF No. 28) is **GRANTED**, Petitioner's motion for summary judgment (ECF No. 36) is **DENIED**, and Petitioner's § 2254 petition (ECF No. 1) is **DISMISSED**.

Furthermore, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court **declines to issue a certificate of appealability**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
August 3, 2021